# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GUTIERREZ, on behalf of himself and all others similarly situated, an on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> ASSET MANAGEMENT SPECIALISTS, INC., a Nevada Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | **13-cv-149 LJO GSA** <br><br><br> **ORDER TO SHOW CAUSE** |

## INTRODUCTION

On January 30, 2013, Defendant, Asset Management Specialists, Inc. ("Defendant") removed this class action from the Fresno County Superior Court to this Court. (Doc. 1). The parties have reached a settlement agreement in this case and on June 12, 2013, they filed *inter alia*, a Motion for Preliminary Approval of the Class Action Settlement. (Doc. 11). The hearing on the motion was scheduled for July 19, 2013 at 9:30. The Court vacated the hearing and took the matter under submission. (Doc. 13). Upon a review of the case and the proposed settlement, it appears that federal court jurisdiction is not proper

1

**DISCUSSION**

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Here, Defendant removed this action based on diversity under 28 U.S.C. §§ 1332(a), 1441, 1446.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In 2005, the Class Action Fairness Act ("CAFA") was enacted and section 1332 was amended to expand diversity jurisdiction over class actions. Yeroushalmi v. Blockbuster, Inc., No. CV 05-225-AHM (RCX), 2005 WL 2083008, at *1 (C.D. Cal. July 11, 2005). Under Section 1332, diversity jurisdiction exists for traditional class actions where there is complete diversity of citizenship and the amount in controversy *for an individual plaintiff* is at least $75,000, and in mass class actions where the aggregated monetary relief claims of 100 or more persons exceeds $5,000,000 and the parties satisfy minimal diversity. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680-81 (9th Cir. 2006) (citations omitted).

In determining whether diversity of citizenship exists and removal is proper, the court considers the pleadings filed at the time of removal. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1085 n.5 (9th Cir. 2009). The operative complaint in this case is Plaintiff's First Amended Complaint ("FAC") which alleges the following state law claims : (1) failure to pay wages under Labor Code §§ 510 and 1194; (2) failure to provide accurate itemized wage statements under Labor Code § 226; (3) failure to timely pay wages under Labor Code §§ 201-203; (4) failure to timely pay wages during the course of employment under Labor Code § 204; (5) failure to reimburse expenses under Labor Code § 2802; (6) unfair competition pursuant to Business & Professions Code § 17200; and (7) Civil Penalties under the Private Attorneys General Act ("PAGA"). The FAC does not allege an amount of damages.

In this circuit, where the amount of damages are not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Abrego Abrego, 443 F.3d at 679; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy is merely an estimate of the total amount in dispute; and the Ninth Circuit expressly contemplates that the district court will consider some evidentiary record in determining the amount in controversy. Lewis, 627 F.3d at 400.

In this case, it is clear that that the case does not meet the jurisdictional requirements of CAFA as the amount of the claims do not exceed $5,000,000.[1] It also does not appear that jurisdiction is proper under diversity for traditional class actions pursuant to 28 U.S.C. § 1332(a) because the amount in controversy for any one plaintiff does not exceed the minimal jurisdictional amount of $75,000. The Motion for Preliminary Approval of the Class Action Settlement indicates that the maximum settlement amount is $235,000 and that there are approximately 150 members in the class. Thus, no individual plaintiff meets the $75,000 amount. Even if this Court were to consider the potential amount of damages, a review of the causes of action and the maximum amount of Plaintiff's projected damages suggest this criteria cannot be met given the class size. (Doc. 11, at pg. 13 lines 11-27).

"The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of Marinduque, 582 F.3d at 1087. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

///
///
///
///

---

[1] The Court notes that Defendant has not alleged this section as a basis for this Court's jurisdiction in its Notice of Removal . (Doc. 1).

3

**CONCLUSION AND ORDER**

Accordingly, within fifteen days (15) of the date of this order, Defendant shall file a written response to this Order to Show Cause outlining why jurisdiction is proper. In the alternative, the parties may file a stipulation to remand this action to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **July 22, 2013**                              **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE